BEFORE THE SECOND DIVISION, APRIL 4, 1950

**No. 54191.**—Humphrey & MacGregor v. United States, protests 22316–K and 22317–K (Tampa).

LAWRENCE, Judge:  The collector of customs classified certain importations described on the invoices as "Sterilized Blued Fine Nails" as iron or steel nails, not specially provided for, which are enumerated in paragraph 331 of the Tariff Act of 1930 (19 U. S. C. § 1001, par. 331) and accordingly imposed duty thereon at the rate of 1½ cents per pound.

In its brief, plaintiff abandoned all claims in its protests, as amended, except the alternative claims that the merchandise in controversy is dutiable at four-tenths of 1 cent per pound or at six-tenths of 1 cent per pound under said paragraph 331.

The various pertinent provisions of the above-cited paragraph are as follows:

\* \* \*  horseshoe nails, and other iron or steel nails, not specially provided for, 1½ cents per pound;  \* \* \*  nails, spikes, tacks, brads, and staples, made

of iron or steel wire, not less than one inch in length nor smaller than sixty-five one-thousandths of one inch in diameter, four-tenths of 1 cent per pound; less than one inch in length and smaller than sixty-five one-thousandths of one inch in diameter, three-fourths of 1 cent per pound; * * * spikes, tacks, brads, and staples, not specially provided for, six-tenths of 1 cent per pound.

It is contended by the plaintiff that the appraiser indicated in red ink upon the invoices his advisory classification of the nails at six-tenths of 1 cent per pound but that this notation appears to have been crossed out and changed to 1½ cents per pound "apparently on the advice of the Comptroller." It is further asserted in the brief for plaintiff—

   * * * that the collector, on liquidation, followed the suggestions of the Comptroller rather than the advisory classification of the appraiser, and assessed duty on the merchandise in question in both protests at 1½¢ per pound under Paragraph 331 of the Tariff Act of 1930.

We find nothing in the record to sustain the assertions regarding the alleged activities of the Comptroller. Consequently, we regard as untenable the contention in point I of plaintiff's brief that—

   The evidence establishes that the classification as made was arbitrary and not on the basis of the description furnished by the examiner to the collector, or on the collector's independent judgment, but on the unauthorized advice and classification of the Comptroller.

It is too elementary to require extended discussion that the collector of customs is the classifying officer and is under no obligation to accept the advisory return of the appraiser. The collector is at liberty to make such investigation as he deems proper to ascertain all the facts necessary to enable him to determine the proper classification of imported merchandise under the provisions of the statutes. See *National Hat Pin Co.* v. *United States*, 5 Ct. Cust. Appls. 435, T. D. 34971, and *Oakland Food Products Co. et al.* v. *United States*, 32 C. C. P. A. (Customs) 28, C. A. D. 281.

This brings us to the real issue of fact in the case, whether the merchandise above described consists of nails which fall within the descriptive language of paragraph 331, *supra*, relied upon by plaintiff.

To be dutiable at four-tenths of 1 cent per pound, the nails should be not less than 1 inch in length nor smaller than sixty-five one-thousandths of 1 inch in diameter.

The plaintiff's sole witness, Mr. Masse, the importer in interest, was referred to the invoice description which specified "Sterilized Blued Fine Nails" and testified as follows:

   Q. And these nails are 1⅛" x 16?—A. That is correct; 63/1000 inches in diameter.
   Q. In this other protest?—A. This is a wire nail.
   Q. Protest 22317, look at that. How are the items which were returned at 1½ cents per pound described on the invoice there?—A. The same as the other.

Further on direct examination, the witness gave the following testimony:

   Q. All of these wire nails in question, are they over one inch long?—A. Yes, sir.
   Q. And under 65/1000 inches in diameter?—A. Yes, sir.

Mr. Kirkland, a witness called on behalf of the defendant, testified that he was the United States customs appraiser at Tampa, Fla., and had been for about 6 months; that prior to that time he had been an examiner at that port and made the return of the merchandise for duty in these cases; that he measured the nails with a micrometer, and stated that his reason for returning these nails for duty at 1½ cents per pound rather than at the rates claimed in the protests by plaintiff

was because "They were excluded from the rates claimed in the protests due to dimensions."

The testimony of the plaintiff's witness Masse, above quoted, to the effect that all of the nails in controversy were 1 and one-eighth inches long and sixty-three one-thousandths of 1 inch in diameter clearly supports the reason assigned by the examiner in making his return. In other words, the nails were excluded from classification as nails not less than 1 inch in length nor smaller than sixty-five one-thousandths of 1 inch in diameter in paragraph 331, *supra*, because they are smaller than the specified diameter although they are not less than 1 inch in length. They are excluded from the provision alternatively relied upon by plaintiff for the reason that while they respond to the diameter requirements they exceed the specified length dimension.

Aside from the length measurement, it is argued in plaintiff's brief that because of the slight difference in diameter between that found by the collector of customs and that required by the provisions under which plaintiff seeks relief it should be disregarded under the rule *de minimis non curat lex*. It is a sufficient answer to this proposition to point out that since Congress saw fit to regulate the duty provided for certain articles within the purview of said paragraph 331 at rates dependent upon diameter measurements of more or less than sixty-five one-thousandths of 1 inch we would be assuming a legislative function to disregard those fractions in determining the classification of articles provided for in said paragraph. Consequently, we find no merit in the contention.

It not being disputed that the nails in controversy are made of iron or steel wire, it would seem to follow logically that they are nails of iron or steel, and, not being otherwise specially provided for, their classification as iron or steel nails is held to be proper.

Therefore, all claims of the plaintiff are overruled and the classification of the collector is affirmed. Judgment will be entered accordingly.